EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FRANCISCO SOTO GAO, acusado y apelante.

Núm. 7853.—*Sometido:* Noviembre 16, 1939. *Resuelto:* Enero 25, 1940.

*Luis Vizcarrondo*, abogado del apelante; *R. A. Gómez, Fiscal*, y *Luis Janer, Fiscal Auxiliar*, abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Francisco Soto Gao fué denunciado ante la Corte Municipal de San Juan, Sección Tercera, porque el seis de junio de 1938 y en la Avenida Ponce de León de esta Ciudad de San Juan, ilegal, voluntaria y maliciosamente, sin haber sido previamente autorizado por la Comisión de Servicio Público, actuaba como porteador público transportando pasajeros por asiento desde Río Piedras a San Juan en el automóvil Núm. P–2990 que manejaba como chófer, infringiendo de ese modo la orden final de dicha comisión de enero 4, 1938, aprobada por el Gobernador y publicada en los periódicos *"El Mundo"*, *"La Correspondencia"* y *"El País"*.

Celebrado un nuevo juicio en la corte del distrito a virtud de la apelación para ante ella establecida por el acusado, fué éste declarado culpable y condenado a pagar cincuenta dólares de multa y en su defecto a sufrir un día de cárcel por cada dólar dejado de satisfacer.

No conforme Soto Gao interpuso el presente recurso de apelación señalando en su alegato dos errores cometidos a su juicio por la corte al basar su sentencia en prueba vaga e insuficiente y al hacer al dictarla las siguientes manifestaciones: "En esta clase de casos, los pasajeros muchas veces declaran a favor del acusado. La corte le da entero crédito a la declaración del policía y declara culpable al acusado . . ."

■■ Analicemos la evidencia. Por el Pueblo declaró el policía denunciante Nazario Gómez. Dijo que el seis de junio de 1938 en la parada 17, Avenida Ponce de León, Santurce, el acusado que manejaba el carro público número P–2990, tomó a la pasajera Guillermina López, quien le dijo, en presencia del acusado, que iba para San Juan.

Por la defensa declararon Feliciano Colón, Pedro Rivera y el propio acusado.

Dijo el primero que montó en San Juan en el carro del acusado y yendo de San Juan para Caguas en la parada 16 montaron dos señoras que iban para esa ciudad, deteniéndolos el guardia en la parada 17 y ordenándoles que siguieran para el cuartel. El segundo manifestó que el seis de junio por la tarde viajaban en el auto del acusado para Caguas, montando en la parada diez y seis y media dos mujeres que iban para esa ciudad y "al llegar a la 19 un guardia se levantó hacia nosotros, uno coloradito que hay por ahí, y nos dijo que echáramos para atrás y nos llevó al cuartel . . ." Y el acusado declaró:

"Ese día yo iba para Caguas en un carro público y al dar la vuelta por la Plaza cogí tres pasajeros para Caguas y en la 16 me pararon dos señoras. Gritaron: '¿Caguas?' y yo me paré y las monté y venía el guardia bien retirado de allá para acá y se acercó a mí y me dijo: 'Sigue para el Cuartel' y le dije: '¿Por qué?' y me dijo: 'No tengo nada que decirle.' Entonces yo llamé a un chófer y le dije que sacara el pasaje a la carretera para que cogieran una guagua."

Hizo la corte que compareciera de nuevo el policía y a sus preguntas contestó que estaba completamente seguro de que el auto del acusado venía hacia San Juan. Y sometídole de tal modo el caso lo resolvió en la forma que conocemos.

Se trata de evidencia contradictoria. Resuelto el conflicto en pro de la de cargo, no puede sostenerse que sea vaga e insuficiente. Pudo el acusado haber traído a declarar a Guillermina López. No lo hizo y sus manifestaciones

hechas al guardia en presencia del acusado pueden estimarse como ciertas. Es más, el acusado declaró y aunque lo dicho por él envuelve quizá una negativa implícita, nada expresamente dijo sobre si Guillermina López hizo o no hizo las manifestaciones puestas en sus labios por el guardia.

El primer error no fué cometido. Tampoco el segundo porque no vemos en las manifestaciones que hizo la corte nada incorrecto.

Decir que en esta clase de casos los pasajeros muchas veces declaran a favor del acusado, no envuelve pasión, prejuicio o parcialidad, ni manifiesto error. Es aplicar al peso de la prueba el fruto de la experiencia.

Si los testigos de descargo hubieran producido en el ánimo del juez una impresión de verdad, seguramente que los hubiera diferenciado dándoles el merecido crédito. No puede pues sostenerse que fuera únicamente a virtud de juicios formados anteriormente y no como consecuencia de la evidencia practicada en aquél de que estaba conociendo que dictó su sentencia.

*Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*